

1775 PENNSYLVANIA AVENUE, NW
SUITE 375
WASHINGTON, DC 20006
202-899-4100 MAIN    612-336-9100 FAX

JENNIFER DUNCAN HACKETT
JHackett@zellelaw.com
(202) 899-4102

September 18, 2024

**VIA CM/ECF E-FILING**
Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

      RE:    *Pacific Surf Designs, Inc. v. WhiteWater West Industries, Ltd.* (23-2609)
             Response to Supplemental Authority

Dear Ms. Dwyer:

      Plaintiff-Appellant Pacific Surf Designs, Inc. ("PSD") writes to respond to Defendant-Appellee WhiteWater West Industries, Ltd.'s ("WhiteWater") letter regarding supplemental authority filed on September 9, 2024. In that letter, WhiteWater asserted that this Court's decision in *Relevant Group, LLC, et al. v. Nourmand, et al.*, Case No. 23-55574, "is relevant to argument section I(B)(1) of WhiteWater's answering brief, which contends that the district court was not required to instruct the jury on the *POSCO* "sham litigation" standard, as the separate standard established in *Pro. Real Est. Investors, Inc. v. Columbia Pictures, Indus.*, 508 U.S. 49 (1993) was more appropriate."

      Pursuant to Federal Rule of Appellate Procedure 28(j), PSD offers two points that it hopes are helpful to the panel. First, the action in *Relevant Group* was brought under the RICO Act and did not include antitrust claims. Because the court in *Relevant Group* concluded that *POSCO* did not apply, the question was simply whether the "actions resembling 'lawsuits'" were objectively baseless. This was not a novel inquiry, and did not delve into the question of whether, and under what standard, *Noerr-Pennington* immunizes a series of lawsuits pooled into a "monopoly broth" with other anticompetitive conduct. PSD respectfully points to PSD's briefing, including Section I.B.3. of the Brief of Appellant (Dkt. 10) and Sections II.A.-B. of the Reply Brief (Dkt. 26) in this matter as the best source of authority on this question.

      Second, the "series" at issue in *Relevant Group* was not a series of actual lawsuits but rather "actions resembling 'lawsuits' in the traditional sense." Here, by contrast, WhiteWater's conduct included the unsuccessful prosecution of five lawsuits alleging various state law and federal causes of action naming PSD as well as its two owners in their personal capacity in United States courts.

Molly C. Dwyer
U.S. Court of Appeals for the Ninth Circuit
September 18, 2024
Page 2

      We appreciate the panel's willingness to consider this brief response.

Sincerely,

Jennifer Duncan Hackett

Cc: All Counsel of Record (Via CM/ECF)

Molly C. Dwyer
U.S. Court of Appeals for the Ninth Circuit
September 18, 2024
Page 3

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on September 18, 2024.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

_____
Jennifer Duncan Hackett