**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PACIFIC SURF DESIGNS, INC., a Delaware corporation,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>WHITEWATER WEST INDUSTRIES, LTD.; GEOFFREY CHUTTER, an individual; FLOWRIDER, INC., a California corporation; MARSHALL MYRMAN, an individual; AQUATIC DEVELOPMENT GROUP, INC., a New York corporation; DAVID KEIM, an individual; THOMAS LOCHTEFELD, an individual,<br><br>　　　　Defendants - Appellees. | No. 23-2609<br><br>D.C. No.<br>3:20-cv-01464-BEN-DDL<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted December 5, 2024
Pasadena, California

Before: BYBEE, IKUTA, and BADE, Circuit Judges.

---

　　* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiff-Appellant Pacific Surf Designs, Inc. ("PSD") appeals the district court's entry of judgment following a jury verdict that Defendant-Appellee WhiteWater West Industries, Ltd. did not violate § 2 of the Sherman Act by monopolizing the market for sheet-wave machines. It challenges the district court's verdict form, jury instructions, and exclusion of evidence pursuant to Federal Rule of Evidence 408. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.  PSD argues that the district court erred by designing a sequential verdict form that required the jury to cease deliberations if it concluded that PSD had not proven sham litigation. PSD did not object to the design of the verdict form,[1] and we therefore review for plain error. *Chess v. Dovey*, 790 F.3d 961, 970 (9th Cir. 2015) (citing *C.B. v. City of Sonora*, 769 F.3d 1005, 1016 (9th Cir. 2014) (en banc)) (explaining that unpreserved challenges to jury instructions are reviewed for plain error); *United States v. Stinson*, 647 F.3d 1196, 1218 (9th Cir. 2011) (stating that we "treat verdict forms like jury instructions").

In antitrust cases, "plaintiffs should be given the full benefit of their proof without tightly compartmentalizing the various factual components and wiping the

---

[1] The parties dispute whether PSD preserved its various objections. Our review indicates that PSD preserved some objections, but not all. For those issues on which PSD did not preserve its objections, our conclusions would not change under de novo review.

slate clean after scrutiny of each." *Cont'l Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962). With that said, "if all we are shown is a number of perfectly legal acts, it becomes much more difficult to find overall wrongdoing." *City of Anaheim v. S. Cal. Edison Co.*, 955 F.2d 1373, 1376 (9th Cir. 1992); *accord Dreamstime.com, LLC v. Google LLC*, 54 F.4th 1130, 1142 (9th Cir. 2022).

These principles are applicable here. PSD argues that the verdict form's sequential design failed to account for its "monopoly broth" theory by preventing the jury from considering "the anticompetitive conduct alleged in the aggregate." PSD's monopoly broth theory alleged that WhiteWater engaged in an anticompetitive scheme consisting of (1) sham litigation and (2) informing PSD's potential customers about that litigation to harm PSD's business. The district court correctly observed that PSD's "allegations of disparagement would likely fail in isolation." Once the jury found that WhiteWater did not engage in sham litigation, there were no illegal acts left in the broth. Therefore, the district court did not plainly err by providing a verdict form that required the jury to make sequential findings and cease deliberation after it determined there was no sham litigation.

2. PSD also argues that the district court erred by failing to instruct the jury to consider the evidence as a whole. PSD did not preserve this objection. We therefore review for plain error, *Chess*, 790 F.3d at 970, and we detect none because the district court instructed the jury to "base [its] decision on all of the

evidence, regardless of which party presented it."[2]

3.　　PSD argues that the district court erred by instructing the jury that, to prove sham litigation, PSD must "prove by clear and convincing evidence" that WhiteWater's "lawsuits were objectively baseless as a whole." It challenges this instruction as it pertains to both the clear and convincing standard and the objective baselessness standard. PSD preserved these objections, and we therefore review de novo. *Chess*, 790 F.3d at 970.

We have "established a clear and convincing standard for section 2 antitrust liability resulting from the prosecution of a patent suit in bad faith." *Handgards, Inc. v. Ethicon, Inc.* (*"Handgards II"*), 743 F.2d 1282, 1284 (9th Cir. 1984) (citing *Handgards, Inc. v. Ethicon, Inc.* ("*Handgards I*"), 601 F.2d 986 (9th Cir. 1979)). PSD tries to circumvent this standard by arguing that (1) WhiteWater's scheme included disparagement in addition to sham litigation, and (2) the underlying litigation involved more than just patent claims. These arguments are unpersuasive. A company "generat[ing] adverse publicity" in addition to filing infringement actions does not change the nature of the conduct, *Handgards I*, 601 F.2d at 991, and the conduct is therefore still subject to the clear and convincing standard. PSD's attempt to relabel sham patent litigation as monopoly broth does

---

[2] The transcripts are in all capital letters. We have altered quotations from the transcripts to use capital and lower-case letters.

not transform it: "It is the same old wine when put in a new bottle . . . ." *Id.* at 994.

Next, PSD argues that it did not need to show that WhiteWater's lawsuits were objectively baseless. Objective baselessness is the first part of the two-part sham litigation inquiry. *Pro. Real Est. Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60–61 (1993). This circuit has recognized that a variation of that test may apply "[w]hen dealing with a series of lawsuits." *USS-POSCO Indus. v. Contra Costa Cnty. Bldg. & Constr. Trades Council, AFL-CIO*, 31 F.3d 800, 811 (9th Cir. 1994). PSD argues that the district court erred by not conforming its instructions to *POSCO*, but our recent decision in *Relevant Group, LLC v. Nourmand* precludes applying *POSCO* here. 116 F.4th 917, 931 (9th Cir. 2024). At most, PSD alleged that WhiteWater pursued five sham lawsuits and, per *Relevant Group*, that number is insufficient for *POSCO* to apply.[3] *Id.* Because *POSCO* does not apply, the district court did not err.

4.　　Lastly, PSD argues that the district court abused its discretion by excluding evidence of a conversation between Richard Alleshouse, the founder of PSD, and Marshall Myrman, the COO of Flowrider Surf (a WhiteWater subsidiary). The district court concluded that evidence of this conversation constituted evidence of settlement negotiations and excluded it under Federal Rule

---

[3] Although five separate lawsuits were filed, they consisted of the same two disputes brought in various permutations: "a patent case and a contract case."

of Evidence 408.

This court reviews the district court's evidentiary rulings for abuse of discretion. *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017) (citing *McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1032 (9th Cir. 2003)). PSD cited cases that support the conclusion that the district court *could* have admitted evidence pertaining to the Alleshouse/Myrman conversation if it determined that the conversation was not a settlement discussion. But the district court's finding that the Alleshouse/Myrman conversation was a settlement discussion was not unreasonable. The district court did not abuse its discretion by excluding this evidence.

**AFFIRMED.**